# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

_____

No. 25-11251
Summary Calendar

_____

Terrence M. Gore,

*Plaintiff—Appellant*,

*versus*

City of DeSoto, Texas; Rachel L. Proctor, *in her individual/official capacity as Mayor*; Andre Byrd, Sr., *in his individual/official capacity as City Councilman*; Joseph Gorfida, *in his individual/official capacity as City Attorney*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-2802

_____

Before Stewart, Richman, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Terrence M. Gore, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's (i) order denying his motion for a temporary restraining order (TRO); and (ii) order

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissing his complaint without prejudice for failure to pay the filing fee after determining that Gore was financially ineligible to proceed IFP in the district court. Gore's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As to Gore's appeal of the district court's order denying his motion for a TRO, our jurisdiction is limited to appeals from final decisions of the district courts. 28 U.S.C. § 1291. Certain interlocutory orders pertaining to injunctions are immediately appealable under 28 U.S.C. § 1292. However, we do not have appellate jurisdiction over the denial of an application for a TRO because it does not qualify as an "injunction" under § 1292(a)(1). *See In re Lieb,* 915 F.2d 180, 183 (5th Cir. 1990); *Overton v. City of Austin*, 748 F.2d 941, 952 (5th Cir. 1984). Accordingly, Gore's appeal of the district court's order denying his motion for a TRO is DISMISSED.

As to Gore's appeal of the district court's dismissal of his complaint for failure to pay the filing fee after the court denied his IFP application, a nonfrivolous issue exists as to whether the district court's determination that Gore was ineligible to proceed IFP in the district court was erroneous or arbitrary. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985-86 (5th Cir. 1998). Gore demonstrated that payment of the $405 initial filing fee in the district court would deprive him of life's necessities and impede his ability to provide for himself and his two dependents. *See Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 338 (1948). Consistent with that determination, we also conclude that Gore has demonstrated that he is financially eligible to proceed IFP on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Additional briefing is unnecessary. *See Mitchell v. Sheriff Dep't, Lubbock Cty., Tex.*, 995 F.2d 60, 61 (5th Cir. 1993).

No. 25-11251

Accordingly, Gore's motion to proceed IFP is GRANTED. The district court's order denying Gore's IFP motion and dismissing the case without prejudice based on his failure to pay the $405 filing fee are VACATED, and the case is REMANDED for further proceedings consistent with this opinion.